UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIANNA MILES, *pro se*, | ) | CASE NO.   1:22-cv-00283 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Tianna Miles filed this action against Defendant Equifax Information Services, LLC. (R. 1). Plaintiff contends Defendant violated her rights, including her "consumer rights to privacy" under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. *Id*. She seeks $17,000 in actual damages and $483,000 in punitive damages. (R. 1, PageID# 2). Plaintiff also filed an Application to Proceed In Forma Pauperis (R. 2), which the Court granted. (R. 3). The Complaint, however, is dismissed because it fails to state a plausible claim.

## I. Background

Plaintiff's Complaint is approximately one handwritten page in length with few factual allegations. (R. 1, PageID# 1-2). Plaintiff alleges she sent multiple letters to Defendant Equifax between September of 2021 and December 2021 to express her concerns that her rights were being violated under the FCRA. *Id*. Tracking the statutory language of § 1681(a)(1), Plaintiff makes the conclusory assertion that Equifax is required to be fair and accurate in its credit

reporting. *Id*. The Complaint, however, is bereft of factual allegations that, if accepted as true, would suggest her credit report was inaccurate or unfair. *Id*. Although Plaintiff alleges that she filed complaints with the Consumer Finance Protection Bureau (CFPB) (*id*.), and the Complaint alleges that Plaintiff "called to update inaccurate information," Plaintiff does not identify what information in her credit report she believes to be inaccurate. *Id*.

Plaintiff also asserts that she never gave written instructions to Equifax to "furnish this information to begin with …." (R. 1, PageID# 1). Plaintiff states Defendant Equifax "started an investigation process and deemed the information being furnished had been verified as accurate." (R. 1, PageID# 2). Plaintiff states Defendant Equifax never provided her with documents showing her wet ink signature. *Id*. Further, Plaintiff asserts that the information Equifax allegedly determined to be accurate had no factual basis, because Equifax did not obtain information from personal interviews with her neighbors, friends, and associates. *Id*. Plaintiff asserts Equifax has committed fraud and identity theft, and asserts Defendant Equifax sent her multiple letters asking her for validation credentials. *Id*.

While Plaintiff does attach a number of documents to her Complaint, these documents raise more questions than answers. The Complaint references letters written to Equifax between September and December of 2021. (R. 1, PageID# 1). The Complaint's Exhibit A, however, consists of a letter dated September 21, 2021, that alleges violations by a different credit reporting provider, which is not a party to this action. (R. 1-2, PageID# 5). Similarly, the Complaint's Exhibit B consists of a letter dated November 22, 2021, that again alleges violations by a different credit reporting provider and *not* Equifax. (R. 1-4, PageID# 12). Two other documents attached to the Complaint (Exhibits A1 and B1), which appear to be complaints lodged with the Consumer Financial Protection Bureau, also reference only issues

with a different credit reporting provider. (R. 1-3, PageID# 9-10; R. 1-5, PageID# 15). Finally, Plaintiff's filing includes an affidavit that similarly complains of the actions by a different credit reporting provider with no mention of Equifax. (R. 1-6, PageID# 20).

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Nevertheless, a cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Sixth Circuit Court of Appeals has "decide[d] that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

    Plaintiff's Complaint fails to state a claim on which relief may be granted, as it relies upon unadorned legal conclusions and a mere recitation of the elements of a cause of action. Under § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."

    The FCRA does create a private right of action. *See, e.g., Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); *Alarcon v. Transunion Mktg. Sols., Inc.*, No. 5:07-CV 0230, 2008 WL 4449387, at *4 (N.D. Ohio Sept. 30, 2008) ("The majority consensus among the courts that have addressed the issue is that 15 U.S.C. 1681s-2(b) creates a private right of action by a consumer against a Data Furnisher.") Nevertheless, Plaintiff's bare-boned Complaint offers only legal conclusions and is bereft of factual allegations that raise a plausible claim. Notably, the Complaint does not expressly allege that Equifax provided Plaintiff's consumer credit report containing allegedly fraudulent or inaccurate information to any third party; it does not identify with any specificity what information was unfair or inaccurate; it does not allege that Equifax failed to conduct an investigation; nor does it allege that any

investigation conducted was unreasonable.¹ In addition, the attachments to the Complaint all suggest that the allegedly offending behavior was performed by a non-party to this action.

Finally, the Complaint does not allege that Equifax failed to follow reasonable procedures to assure the "maximum possible accuracy" of the information being furnished. 15 U.S.C. § 1681e(b).² It is insufficient for a plaintiff—even a *pro se* plaintiff—to vaguely allege that rights were violated under the FCRA. To the extent it is Plaintiff's claim that a FCRA violation occurred because a consumer credit report was furnished that included items that she did not expressly provide written instruction to furnish, such an allegation does not in and of itself provide a cause of action, as 15 U.S.C. § 1681b(a) provides numerous circumstances under which a consumer report may be furnished. It is, by the very terms of the statute, not limited solely to the circumstance where a consumer gives written instructions to a credit reporting agency.³

---

¹ To the extent it is Plaintiff's position that a reasonable investigation required that Equifax actually interview her "neighbors, friends or associates," the Court is unaware of any decision requiring such measures in order for an investigation to be reasonable. (R. 1, PageID# 2). Tellingly, the Complaint does not actually identify what information, if any, was allegedly inaccurate that Equifax was required to investigate. Although the Complaint attaches numerous accounts with redacted numbers, the Complaint does not allege any inaccuracies connected to those accounts.

² "[A]n accuracy claim under 15 U.S.C. § 1681e(b) [is established] by showing that: (1) inaccurate information was included in his consumer credit report; (2) the inaccuracy was due to the consumer reporting agency's negligent or willful failure to follow reasonable procedures to assure maximum possible accuracy; and (3) the plaintiff was injured as a result of the consumer reporting agency's failure to follow reasonable procedures." *Bailey v. Equifax Credit Info. Servs., Inc.*, 2019 WL 5322492, at *3 (N.D. Ga. July 19, 2019), *report and recommendation adopted*, 2019 WL 5387416 (N.D. Ga. Aug. 23, 2019).

³ 15 U.S.C. § 1681b(a) states that "any consumer reporting agency may furnish a consumer report under the following circumstances and no other," but identifies no less than fifteen separate circumstances under which a consumer report may be furnished, only one of which states that it must be pursuant to the written instructions of the consumer to whom it relates.

### III. Conclusion

Having considered and examined Plaintiff's *pro se* Complaint to determine its legal viability, the Court concludes that it must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 22, 2023

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge